UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT STARK,

                              Plaintiff,                   REPORT AND
                                                             RECOMMENDATION

              -against-                             CV 10-1243 (JS)(ETB)

MASERATI NORTH AMERICA, INC.,
FERRARI-MASERATI OF LONG ISLAND,

                                Defendants.
-------------------------------------------------------------------X

TO THE HONORABLE JOANNA SEYBERT, United States District Judge:

     Before the Court is the defendants' motion to dismiss for lack of jurisdiction, to which

plaintiff has failed to file any opposition.  For the following reasons, I recommend that

defendants' motion be granted.


FACTS

     Plaintiff, Robert Stark, commenced the within action on March 18, 2010, alleging

violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et al., for defects associated

with a 2006 Quattroporte Maserati warranted by the defendant, Maserati North America, Inc.

("Maserati"), and serviced by co-defendant Ferrari-Maserati of Long Island ("Ferrari-Maserati"),

a sales and service agent of Maserati.

     Specifically, plaintiff alleges that on or about January 14, 2008, he assumed, as assignee,

the lease on the 2006 Quattroporte Maserati at issue herein.  (Compl. ¶ 4.)  When he assumed the

lease on the vehicle, plaintiff alleges that he also received certain written warranties and other

-1-

express and implied warranties from Maserati, including Maserati's "4-year 50,000 mile bumper to bumper written warranty," which warranted that the vehicle would be free from defects in materials and workmanship.  (Id. ¶ 5.)

Plaintiff alleges that the vehicle suffers from "severe and repetitive defects," for which he has had it serviced at Ferrari-Maserati on at least eight separate occasions where the vehicle remained for approximately eighty-one days from March 10, 2009 through January 8, 2010.  (Id. ¶ 6.)  Plaintiff thereafter commenced the within action, alleging that defendants breached both the express and implied warranties associated with the vehicle.

By letter dated July 23, 2010, defendants moved to dismiss plaintiff's Complaint on the grounds that the Court lacks subject matter jurisdiction over this action.  Although a briefing schedule was set by the Court that afforded plaintiff until September 30, 2010 to oppose defendants' motion, no opposition was received.

DISCUSSION

I.    Legal Standard

A district court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Fed. R. Civ. P. 12(b)(1).   When reviewing a motion to dismiss for lack of jurisdiction, the Court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to Plaintiff[]."  Wood v. GMC, No. CV 08-5224, 2010 U.S. Dist. LEXIS 96157, at *9 (E.D.N.Y. Aug. 23, 2010) (quoting J.S. ex rel. N.S. v. Attica Cent. Schs.,

-2-

386 F.3d 107, 110 (2d Cir. 2004)) (additional citation omitted) (alteration in original). "The

plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the

evidence." Wood, 2010 U.S. Dist. LEXIS 96157, at *9 (quoting Aurecchione v. Schoolman

Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005)).


II.     The Magnuson-Moss Warranty Act

        The Magnuson-Moss Warranty Act (the "Act") was enacted "to improve the adequacy of

information available to consumers, prevent deception, and improve competition in the

marketing of consumer products." Kraft v. Staten Island Boat Sales, Inc., No. 09 Civ. 4157,

2010 U.S. Dist. LEXIS 50484, at *17 (S.D.N.Y. May 17, 2010) (quoting 15 U.S.C. § 2302(a)).

To that end, the Act requires that "any warrantor warranting a consumer product to a consumer

by means of a written warranty shall . . . disclose in simple and readily understood language the

terms and conditions of such warranty." DiCintio v. DaimlerChrysler Corp., 97 N.Y.2d 463, 468

(2002) (quoting 15 U.S.C. § 2302(a)). The Act further permits consumers to bring suit in any

court of competent jurisdiction for breach of warranty. See Kraft, 2010 U.S. Dist. LEXIS 50484,

at *17; DiCintio, 97 N.Y.2d at 469.

        However, to prevail under the Act, the plaintiff must first be a "consumer." DiCintio, 97

N.Y.2d at 469. A consumer is defined in the Act as:

                a buyer (other than for purposes of resale) of any consumer product,
                any person to whom such product is transferred during the duration
                of an implied or written warranty (or service contract) applicable to
                the product, and any other person who is entitled by the terms of such
                warranty (or service contract) or under applicable State law to enforce
                against a warrantor (or service contractor) the obligations of the
                warranty (or service contract).

-3-

DiCintio, 97 N.Y.2d at 469 (quoting 15 U.S.C. § 2301(3)).  "A plaintiff who meets any of the three alternative tests is thus a 'consumer' entitled to sue under the Act."  DiCintio, 97 N.Y.2d at 469.

The New York Court of Appeals has interpreted the three consumer tests as "requir[ing] courts to determine whether a 'sale' has occurred."  Id. at 470.  Since the Act itself does not contain a definition of "sale" or "buyer," the New York Court of Appeals looked to the UCC for a definition and determined that under the UCC, the "passing of title" is required for a sale.  Id. (citing UCC 2-106(1) and UCC 2-103(1)(a)).  According to the Court of Appeals, "passing of title has never been an attribute of leases," either under the UCC or common law.  Id. at 470-71.  Thus, where a plaintiff merely leases a vehicle, such as the plaintiff herein, he never obtains title to the vehicle and therefor the lease is not considered a "sale" under the UCC.  See id. at 471.  Accordingly, vehicle lessees are not considered "consumers" under the Magnuson-Moss Warranty Act.  See id.; see also Beyer v. DaimlerChrysler Corp., 741 N.Y.S.2d 248, 249 (2d Dep't 2002) (dismissing plaintiff's causes of action pursuant to the Magunson-Moss Warranty Act because the Act "does not apply to vehicle leases").

Based on the foregoing, plaintiff's claim pursuant to the Magnuson-Moss Warranty Act must fail and the Court accordingly lacks jurisdiction over this action.  Accordingly, I recommend that this action be dismissed.

RECOMMENDATION

For the foregoing reasons, I recommend that defendants' motion to dismiss for lack of jurisdiction be granted and that this action be dismissed in its entirety.

<u>OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further appellate review.  <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 299-300 (2d Cir. 1992).


Dated:  Central Islip, New York
        October 13, 2010

                                    /s/ E. Thomas Boyle
                                    E. THOMAS BOYLE
                                    United States Magistrate Judge